■ RAUL RAMOS, Respondent, v SCHOONMAKER HOMES—JOHN STEINBERG, INC., Appellant, et al., Defendant. [624 NYS2d 911] —In an action to recover damages for personal injuries, the defendant Schoonmaker Homes—John Steinberg, Inc., s/h/a Schoonmaker Homes, John Steinberg, Inc., d/b/a Schoonmaker Homes, Schoonmaker Homes, Inc., appeals from so

much of an order of the Supreme Court, Orange County (Silverman, J.), dated November 4, 1993, as, upon, in effect, granting that branch of its application which was for reargument of the branch of its motion which was for summary judgment dismissing causes of action asserted against it based upon theories of breach of Labor Law § 200 and common-law negligence, adhered to a prior determination in an order dated May 21, 1993, denying that branch of its motion for summary judgment.

Ordered that the appellant's notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The order appealed from decides, *inter alia,* an oral application for reargument made at a conference before the court, which was subsequently supported and opposed by letters from the attorneys for the appellant and the respondent. Because the order does not decide a motion made on notice, it is not appealable as of right *(see,* CPLR 5701 [a] [2]).

The third and fourth causes of action asserted in the complaint are based upon an alleged breach of Labor Law § 200 and common-law negligence, respectively. In opposition to the appellant's motion for summary judgment, the plaintiff adduced evidence to establish that a question of fact exists as to whether the appellant had any supervisory control over the respondent's work *(see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290). Since the appellant relies solely on its claim that it exercised no supervisory control, summary judgment was properly denied as to the two causes of action in question. Mangano, P. J., Rosenblatt, Miller and Ritter, JJ., concur.